```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
PANKAJ KUMUDCHANDRA PHADNIS,                :
                                            :
                        Plaintiff,          :
        -against-                           :
                                            :
TATA AMERICA INTERNATIONAL                  :       20-CV-6657 (VEC)
CORPORATION,                                :
                        Defendant.          :       OPINION AND ORDER
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/3/2021

VALERIE CAPRONI, United States District Judge:

   Plaintiff Pankaj Kumudchandra Phadnis brought this action *pro se* against Tata America International Corporation ("TAIC"). Plaintiff's initial complaint alleged a breach of contract between Plaintiff and Tata Trusts, a group of trusts that owns a majority stake in a parent entity of TAIC. Compl., Dkt. 1. On September 30, 2020, Defendant moved to dismiss the complaint for failure to state a claim, arguing, *inter alia,* that it is not a party to the contract at issue. Dkt. 19. On March 25, 2021, the Court granted Defendant's motion to dismiss without prejudice. Dkt. 65. On March 14, 2021, Plaintiff moved for leave to file a Proposed Second Amended Complaint ("PSAC"), seeking to add three Indian entities as defendants: Tata Consultancy Services, Tata Sons Pvt Ltd., and the Sir Dorabji and the Tata Education and Development Trusts. Dkt. 54. The PSAC alleges claims for breach of contract and violation of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 440. *Id.* On July 2, 2021 Magistrate Judge Parker issued a Report and Recommendation ("R&R"), recommending that Plaintiff's motion to amend be denied with prejudice. R&R, Dkt. 78. Specifically, the R&R concludes that the Court lacks subject matter jurisdiction over Plaintiff's PSAC. *Id.* On July 3, 2021, Plaintiff filed objections to the R&R. Pl. Obj., Dkt. 79. For the following reasons, the Court adopts Magistrate Judge Parker's R&R in full. Plaintiff's motion

for leave to amend is DENIED.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv. Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997). Objections, however, "may not be 'conclusory or general,' and parties may not simply regurgitate the original briefs to the magistrate judge." *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (internal citation omitted). Although "[t]he objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest,'" *Petyan v. New York City Law Dep't.*, No. 14-CV-1434, 2015 WL 4104841, at *1 (S.D.N.Y. July 2, 2015) (internal citation omitted), the objections still "must be specific and clearly aimed at particular findings," *Harden v. LaClaire*, No. 07-CV-4592, 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008); *Schildwachter v. Berryhill*, No. 17-CV-7277, 2019 WL 1115026, at *1 (S.D.N.Y. Mar. 11, 2019) (holding that in order to preserve objections for appeal, the objections "must refer 'to specific findings or recommendations' in the R&R and must support their positions with legal authority") (quoting *Mario v. P & C Food*

2

*Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).  To the extent that "the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. June 3, 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotations omitted).

At the outset, Plaintiff does not object to Magistrate Judge Parker's recommendation that Plaintiff's claims against TAIC, the only named defendant in this case, be dismissed.  Pl. Obj., Dkt. 79 at 1 ¶ 2 ("In so far as the Recommendation is with respect to dismissal of the case against Tata America is concerned, the Plaintiff has no objection.").  For the reasons noted in this Court's prior Opinion, the Court agrees that the PSAC fails to state a claim against TAIC.  *See* Dkt. 65.   Accordingly, Plaintiff's claims against TAIC are dismissed.

Moreover, the Court agrees with Magistrate Judge Parker that it lacks subject matter jurisdiction over Plaintiff's claims against the proposed additional defendants.  Plaintiff's initial complaint was premised on diversity jurisdiction pursuant to 28 U.S.C. § 1332; Plaintiff is an Indian citizen and asserted claims against TAIC, a citizen of New York and New Jersey. Plaintiff's PSAC, however, seeks to add multiple Indian defendants to the case, thereby destroying diversity jurisdiction.  *De Wit v. KLM Royal Dutch Airlines, N.V.*, 570 F. Supp. 613, 616-17 (S.D.N.Y. 1983) (finding no diversity jurisdiction because plaintiff and defendant were both non-citizens of the United States and holding that the diversity statute does not provide for

3

suits brought by non-citizens against other non-citizens).

The Court also lacks federal question jurisdiction over the PSAC because Plaintiff does not assert any violation of federal law.  Plaintiff appears to have abandoned his claim pursuant to 29 U.S.C. § 440.  *See* Pl. Obj., Dkt. 79 at 5 ("Plaintiff has already conceded … that New York agreement and consequences arising therefrom are not subject matter of 29 U.S. Code § 440"). Even if Plaintiff had not abandoned the claim, the Court agrees with Magistrate Judge Parker that the claim would necessarily fail because there is no private right of action under the LMRDA. R&R at 7.  Plaintiff's remaining arguments supporting federal question jurisdiction are merely "perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition."  *Ortiz*, 558 F. Supp. 2d at 451 (internal quotations omitted).  For example, Plaintiff reiterates his arguments that federal question jurisdiction exists "due to the import of the New York Agreement with respect to International Humanitarian Initiatives in the United States and the Security of the United States" and that federal law is "inherent in the complaint."  *See* Pl. Obj., Dkt. 79 at 4-5.  Magistrate Judge Parker expressly considered these arguments and rightly rejected them.  R&R at 7-8.  In short, because the Court lacks subject matter jurisdiction over the PSAC, Plaintiff's motion for leave to amend is denied. Fed. R. Civ. P. 12(h)(3) (noting that the Court must dismiss a case if it determines that it lacks subject matter jurisdiction).

Finally, the Court rejects Plaintiff's argument that denial of his motion for leave to amend would violate his due process rights.  *See* Pl. Obj., Dkt. 79 at 3-4 (arguing that the Court must adjudicate his claims because "every wrong must have a remedy").  Plaintiff has had two opportunities to amend his complaint and has failed to cure the numerous previously-identified

deficiencies.[1]  As noted by Magistrate Judge Parker, Plaintiff is free to pursue his claims before an Indian tribunal.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend is DENIED with prejudice.  This case is DISMISSED without prejudice.  The Clerk of Court is directed to terminate all open motions and close this case.

**SO ORDERED.**

Date:  August 3, 2021  
       New York, NY

**VALERIE CAPRONI**  
**United States District Judge**

---

[1] The Court also rejects Plaintiff's argument that Magistrate Judge Parker improperly refused to hold a settlement conference between the parties.  Pl. Obj., Dkt. 79 at 2.  The Court referred this case to Magistrate Judge Parker for general pretrial purposes, settlement, and dispositive motions.  Dkt. 32.  Magistrate Judge Parker appropriately exercised her discretion to deny Plaintiff's unilateral request for a settlement conference and to stay discovery until resolution of Defendant's motion to dismiss.